**-The following is an entirely new rule-**

**Rule 405.  Forensic Laboratory Report and Certification.**

(a)  **Report and Certification In Lieu of Expert Testimony.**

(1)  If the requirements of this rule have been met, the attorney for the Commonwealth may seek to offer a forensic laboratory report into evidence in lieu of testimony in any adjudicatory hearing of a non-detained juvenile.

(2)  The report shall be supported by a certification, as provided in subdivision (e), from the expert who drafted the report and performed the analysis or examination.

(b)  **Notice.**

(1)  The attorney for the Commonwealth shall file the written notice and serve the written notice, together with the report and certification, upon the juvenile's attorney.

(2)  The notice shall include a statement informing the juvenile that:

(i)  if no written demand for testimony is made within 10 days of the service of the notice, the forensic laboratory report and certification are admissible in evidence, as provided in subdivision (c)(3); and

(ii)  the expert who drafted the report does not have to testify.

(3)  Service shall occur no later than 20 days prior to the adjudicatory hearing.

(4)  Once entered into evidence, the report and certification shall qualify as if the expert had testified personally.

(c)  **Demand.**

(1)  Within 10 days of service of the notice, the juvenile's attorney may file and serve a written demand upon the attorney for the Commonwealth requiring the expert to testify at the adjudicatory hearing.

(2)     If a written demand is filed and served, the expert must testify.

(3)     If no demand is filed and served as required by subdivision (c)(1), the report and certification are admissible in evidence without the expert's testimony.

(d)     **Extension.**  For cause shown, the judge may:

(1)     extend the time requirements of this rule; or

(2)     grant a continuance of the adjudicatory hearing.

(e)     **Certification.**  The expert shall complete a certification providing:

(1)     the education, training, and experience that qualify the expert to perform the analysis or examination;

(2)     the entity by which the expert is employed and a description of the expert's regular duties;

(3)     the name and location of the laboratory where the analysis or examination was performed;

(4)     any state, national, or international accreditations of the laboratory at which the analysis or examination was performed;

(5)     that the analysis or examination was performed under industry-approved procedures or standards; and

(6)     the report accurately reflects the findings and opinions of the expert.

**Comment:**  This rule is intended to establish a uniform procedure for delinquency proceedings, similar to Pa.R.Crim.P. 574, for the admission of laboratory reports without the expense of live expert testimony while protecting a juvenile's confrontation rights. The rule provides a "notice and demand" procedure for delinquency proceedings.  Under this rule, the attorney for the Commonwealth may seek to admit a forensic laboratory report as evidence without expert testimony if the notice requirements are met and no demand for the presence of the expert is made.  If the juvenile makes such a demand, the expert is required to testify before the report can be admitted into evidence.

Given the prompt adjudicatory hearing requirement of the Juvenile Act, 42 Pa.C.S. § 6335(a) (if the juvenile is detained, then the adjudicatory hearing must be held within

10 days of the filing of a petition), this rule is only available for adjudicatory hearings of non-detained juveniles.  *See* Pa.R.J.C.P. 404(B) (if the juvenile is not detained, then the adjudicatory hearing must be held within a reasonable time).

Nothing in this rule is intended to: 1) preclude a stipulation agreed to by the parties for the admission of the report without the expert's presence; 2) prevent further stipulation by the parties in light of the admission of the report and certification; or 3) change the discovery requirements pursuant to Rule 340.

Pursuant to subdivision (d), the court may permit filing of the notice or demand after the time period required in the rule if the party seeking the late filing shows cause for the delay.  In the situation where the judge permits the late filing of the notice, the juvenile still has ten days to make the demand for the live testimony of the expert.  This may necessitate a continuance of the adjudicatory hearing.

The certification in subdivision (e) does not require a description of the actual tests performed for the analysis.  This information more properly belongs in the report itself.  Because one of the goals of this rule is to permit the juvenile to make an informed decision regarding whether to demand the live testimony of the expert, the report should provide information sufficient to describe the methodology by which the results were determined.

For purposes of this rule, a laboratory is "accredited" when its management, personnel, quality system, operational and technical procedures, equipment, and physical facilities meet the ISO/IEC 17025 standard in the forensic field of testing as determined by an International Laboratory Accreditation Cooperation recognized accreditation organization that has been evaluated to meet the ISO/IEC 17011 standard and that has expertise in the forensic laboratory accreditation field.

*See* Rule 345 for filing and service requirements.